UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ROBERT CHARLES (ROB) KEPPLER, III,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**WILLIAM EDWARD (BILL) HASLAM,** )<br>**individually and in his official capacity as** )<br>**Governor of Tennessee, WILLIAM (BILL)** )<br>**GIBBONS, individually and in his official** )<br>**capacity as Commissioner of Safety and** )<br>**Homeland Security for the State of Tennessee** )<br>**STEVEN G. CATES, individually and in his** )<br>**official capacity as Commissioner of General** )<br>**Services for the State of Tennessee, PRESTON** )<br>**DONALDSON, individually and in his official** )<br>**capacity as Lieutenant for the Tennessee** )<br>**Highway Patrol, and John Doe Officers 1-100,** )<br>**individually and in their official capacities,** )<br>)<br>**Defendants.** ) | **Case No. 3:11-CV-1040**<br><br>**Judge Aleta A. Trauger** |

## **MEMORANDUM**

Pending before the court is the Motion to Dismiss Amended Complaint by Defendants in Their Official Capacities (Docket No. 11), to which the plaintiff has responded (Docket No. 15).

## **BACKGROUND**

### I. **Procedural History**

On October 31, 2011, the plaintiff, Robert Charles Keppler, filed a Complaint against Tennessee Governor Bill Haslam, Tennessee Commissioner of Safety and Homeland Security Bill Gibbons, Tennessee Commissioner of General Services Steven G. Cates, Lieutenant for the

1

Tennessee Highway Patrol Preston Donaldson, and "John Doe" law enforcement officers. (Docket No. 1.) The Complaint broadly alleged that, while protesting as part of the "Occupy Nashville" demonstrations on October 28, 2011 at Legislative Plaza in Nashville, Keppler was subjected to mistreatment by law enforcement officers (acting at Donaldson's direction) seeking to enforce a curfew promulgated by Haslam, Gibbons, and Cates. The Complaint asserted claims against the defendants in their official capacities only, including civil conspiracy and/or negligence against Haslam, Gibbons, Cates, and Donaldson, common law and constitutional tort violations against the "John Doe" defendants, and violations of the Tennessee Governmental Tort Liability Act by all defendants. As relief, the plaintiff requested: (1) a temporary restraining order, preliminary injunction, and/or permanent injuction against enforcement of the curfew and permit requirements issued on October 27, 2011 that led to arrests of demonstrators at Legislative Plaza; (2) a declaratory judgment holding the curfew and permit requirements unconstitutional as applied; (3) an award of compensatory damages for injuries and medical expenses suffered by Keppler; and (4) reasonable litigation expenses, including attorney's fees. (*Id.* at p. 9.)

The defendants moved to dismiss the Complaint (Docket No. 3), arguing in their supporting memorandum (Docket No. 4) that (1) suits against them in their official capacities are barred by the doctrine of sovereign immunity, (2) injunctive relief is not justified because the court already issued such relief in *Occupy Nashville, et al. v. William Edward "Bill" Haslam, et al.*, Civil Action No. 3:11-CV-1037 (M.D. Tenn. filed Oct. 31, 2011), and (3) declaratory relief is inappropriate and/or unnecessary.

The plaintiff filed a Response to the Motion to Dismiss (Docket Nos. 6, 8), along with a

2

Motion to Amend/Correct Complaint (Docket Nos.5, 7), seeking to name and sue the defendants in their individual capacities as well.  On January 17, 2012, the court granted the Motion to Amend and denied the defendants' Motion to Dismiss as moot.  (Docket No. 9.)  On January 18, 2012, the plaintiff filed an Amended Complaint (Docket No. 10), which is essentially identical to the original Complaint, except that, in the case caption, it states that each defendant is being sued "*individually and* in his official capacity as [X]."  (Docket No. 10 at p. 1 (emphasis added).)

On January 20, 2012, just two days after the plaintiff filed his Amended Complaint, the defendants renewed their Motion to Dismiss (Docket No. 11) with a supporting memorandum (Docket No. 12).  The legal arguments in support of the motion are identical to those previously asserted.  Thus, the defendants reassert that, *inter alia*, claims against them in their official capacities are barred by the doctrine of sovereign immunity.  The motion also notes that (1) the individual defendants have not yet been served with the Amended Complaint; and (2) notwithstanding the ostensible purpose of amending the Complaint, the Amended Complaint does not distinguish between "individual" and "official" allegations concerning the defendants.  (*Id.* at p. 1, n.1 and n.2.)  The plaintiff does not oppose defendants' request for dismissal of claims against them in their official capacities.  (Docket No. 15.)

## **ANALYSIS**

Because the plaintiff does not oppose dismissal of his claims against the defendants in their official capacities, dismissal of those claims is plainly appropriate.  However, because the defendants are not subject to suit in their official capacities, the court does not need to reach their

additional arguments concerning the appropriateness of declaratory and injunctive relief.[1]

As the defendants acknowledge in their brief, they have not yet been served with the Amended Complaint individually. Fed. R. Civ. P. 4(m) permits a plaintiff at least 120 days from the filing of the original complaint to effectuate service. If a plaintiff does not meet that deadline, the court (on motion or on its own after notice to the plaintiff) must dismiss the action or order that service be made within a specified time, unless the plaintiff shows good cause for the failure to serve, in which case the court must extend the time for service for an appropriate period. Here, because the plaintiff filed his original Complaint on October 31, 2011, the plaintiff has at least until February 28, 2012 (120 days) to serve the individual defendants. By this deadline, the plaintiff should serve the defendants individually or file a motion requesting an extension of time to do so. If the defendants are timely served in their individual capacities pursuant to Rule 4(m) or subsequent court order, the defendants may then move to dismiss on whatever grounds they believe are appropriate, including their arguments regarding the impropriety of plaintiff's requests for declaratory and injunctive relief.

## **CONCLUSION**

Subject to the limitations stated herein, the defendants' motion will be granted. All claims against the defendants in their official capacities will be dismissed with prejudice.

---

[1] Regardless, the defendants' arguments have merit. In *Occupy Nashville*, the court on October 31, 2011 issued a temporary restraining order (the date the plaintiff here filed suit) and on November 17, 2011 issued an agreed order establishing a preliminary injunction, which have restrained the government from enforcing the October 27, 2011 policy that the plaintiff here seeks to restrain.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge